## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**RAYMOND CLAUDIO,**

       **Petitioner,**

**v.**                              **Case No. 5:13cv187/WS/CJK**

**SECRETARY DOC,**

       **Respondent.**

_____/

## REPORT AND RECOMMENDATION

    This cause is before the Court upon an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254, challenging a prison disciplinary conviction petitioner received at Jackson Correctional Institution. (Doc. 7). On August 13, 2013, respondent moved to dismiss the petition for petitioner's failure to exhaust state court remedies. (Doc. 16). Petitioner responded in opposition to dismissal (doc. 23) and moved to expand the record (docs. 24, 26) and to conduct discovery (doc. 27). On September 16, 2013, petitioner was released from incarceration upon expiration of his sentence. (Docs. 28, 29). The Court ordered the parties to show cause why this case should not be dismissed as moot (doc. 28), and the parties have filed their respective responses. (Docs. 29, 30). After careful consideration, the undersigned concludes that the pleadings and attachments before the Court show that this action is moot and should be dismissed for lack of jurisdiction.

## BACKGROUND AND PROCEDURAL HISTORY

On March 21, 2013, while in the custody of the Florida Department of Corrections serving a sentence for Driving Under the Influence Causing Serious Bodily Injury to Another entered by the Circuit Court for St. Johns County, Florida, petitioner received a disciplinary conviction for disrespect to officials. (Doc. 7; Doc. 16, Ex. 1). As a result of the conviction petitioner spent 30 days in disciplinary confinement and lost 60 days of gain time. (*Id.*). Petitioner appealed through the DOC's administrative process and then initiated the instant federal habeas proceeding on May 16, 2013. (Doc. 1). Petitioner challenges his disciplinary conviction on due process grounds, asserting that the DR investigation did not begin within 24 hours, that he was denied the ability to present requested evidentiary material at his DR hearing, and that he was discriminated against because there was no Hispanic individual on the DR hearing team. (Doc. 7, pp. 6, 8, 9). Petitioner's amended petition does not specify a prayer for relief. (*Id.*, p. 16). Petitioner's initial petition requested that the forfeiture of gain time be reversed and that the DR finding of guilt be expunged from petitioner's record. (Doc. 1, p. 3). There is no dispute that petitioner was released from incarceration on September 16, 2013, upon expiration of his sentence. (*See* Doc. 28 and Attach.; Doc. 29, p. 1).

## DISCUSSION

"[A] habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot." *Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007). In circumstances analogous to those here, the Supreme Court held that a

habeas petition challenging the validity of a parole revocation was rendered moot by the expiration of the petitioner's parole revocation sentence during the pendency of the habeas proceeding. *See Spencer v. Kemna*, 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998). In *Spencer*, a state prisoner filed a federal habeas petition seeking to invalidate an order revoking his parole on the grounds that he was denied due process in the parole revocation proceeding. During the pendency of the habeas proceeding, Spencer completed his term of imprisonment underlying the parole revocation, was re-released on parole and, two months after that, the term of his imprisonment expired. The district court dismissed the petition, and the United States Court of Appeals for the Eighth Circuit affirmed, concluding that Spencer's claim had become moot because he suffered no "collateral consequences" of the revocation order. *Id.*, 523 U.S. at 5-6, 118 S. Ct. at 982. The Supreme Court agreed that Spencer's challenge to the parole revocation order was moot, explaining:

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies [Article III's] case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained. *See, e.g., Carafas, supra*, at 237-238, 88 S.Ct., at 1559-60.

*Id.*, 523 U.S. at 7 (*citing Carafas v. LaVallee*, 391 U.S. 234, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968)). The Court held that although it had been willing to presume the existence of collateral consequences when a petition challenged the validity of a criminal conviction, it would not extend that presumption to a petition challenging

the validity of a parole revocation. Instead, when a petitioner attacking the termination of his parole status was released from custody due to the expiration of his parole revocation sentence during the pendency of his habeas proceeding, the petitioner must prove the existence of continuing "collateral consequences" of the parole revocation in order to meet Article III's standing requirement. *Spencer*, 523 U.S. at 14; *see also Lane v. Williams*, 455 U.S. 624, 631, 102 S. Ct. 1322, 1327, 71 L. Ed. 2d 508 (1982) (involving due process challenge to parole term that became moot when petitioner's parole term ended while the case was on appeal to the Sixth Circuit). The Court rejected Spencer's arguments that there were a number of possible injuries he could suffer in the future on account of the parole revocation, finding that Spencer's asserted injuries were mere possibilities as opposed to certainties. *Spencer*, 523 U.S. at 14-18 (rejecting petitioner's assertions that he continued to suffer collateral consequences of his parole revocation because the revocation could be used to his detriment in a future parole proceeding, could be used to increase his sentence in a future sentencing proceeding, or might be used against him in subsequent proceedings in which he might appear as a witness or defendant; the asserted injuries were not concrete injuries-in-fact sufficient to satisfy Article III's case-or-controversy requirement).

Here, petitioner does not attack his underlying DUI conviction, but rather his prison disciplinary conviction. The disciplinary confinement and loss of gain time petitioner incurred as a result of the disciplianry conviction is now over, and cannot be undone. Subsistence of this suit requires, therefore, that petitioner prove continuing "collateral consequences" of the disciplinary conviction. Petitioner has not identified, and the record does not contain, any facts arguably supporting a

finding of a concrete injury-in-fact attributable to petitioner's March 21, 2013, disciplinary conviction. In response to the Court's show cause order, petitioner concedes that his request for the restoration of gain time is moot, but asserts, without explanation, that the expungement of the disciplinary conviction is not moot. (Doc. 29, p. 2). Petitioner fails to establish any collateral consequence flowing from the disciplinary conviction. As petitioner has been released from incarceration and no longer suffers an injury-in-fact from the disciplinary conviction necessary to meet Article III's case-or-controversy requirement, this case must be dismissed. *Spencer, supra*; *see also Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (state prisoner's challenge to calculation of gain time credits was mooted by release; prisoner challenged length rather than fact of confinement, and the length of confinement would have no collateral consequences); *Schmidt v. McNeil*, No. 5:07cv281/RS/MD, 2010 WL 2351353 (N.D. Fla. June 11, 2010) (habeas corpus petition challenging disciplinary conviction that resulted in loss of gain time and placement in disciplinary confinement was rendered moot by prisoner's release from incarceration).

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That the amended petition for writ of habeas corpus (doc. 7) be DISMISSED as moot.

2.  That all pending motions be DENIED as moot.

3.  That the Clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 30th day of October, 2013.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).